**J. K. Pedersen, Defendant in Error, v. Peter Sorensen, Plaintiff in Error.**

## Gen. No. 15,684.

1. CONSTITUTIONAL LAW—*when assessment of damages after default proper.* After default damages may be assessed by virtue of statute by the court without the interposition of a jury and the assessment of damages in this way is not a taking of property without due process of law.

2. MUNICIPAL COURT—*when statement of claim sufficient after default.* A statement of claim as follows, *held,* sufficient after default: "Plaintiff claim is for money loaned $100. To Attorney fees $20. By cash $20."

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed with damages. Opinion filed June 19, 1911.

W. G. ANDERSON, for plaintiff in error.

FREDERICK PEAKE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

In the Municipal Court of Chicago, in a case of the fourth class, the plaintiff, Pedersen, recovered a judgment by default for $100 and costs against the defendant Sorensen (the damages being assessed by the court after said default). The defendant thereafter sued out a writ of error in this court and here maintains that the judgment effects the taking of property without due process of law, in violation of the Constitution of the State of Illinois.

Passing over the question whether this assignment of error does not involve "a construction of the Constitution,"

and can therefore only be entertained, according to the Municipal Court Act, on a writ of error sued out of the Supreme Court, we will say that the point is not well taken. The basis of it is simply that the statement of claim provided for by the statute was insufficient and ambiguous. It certainly was not in elegant or particularly clarified English, but we cannot agree with the plaintiff in error that it was without meaning. It ran thus:

"Plaintiff claim is For Money Loaned $100 to attorney Fees $20.00. By cash $20.00."

We find ourselves compelled to believe that the defendant gathered from it, especially in connection with the affidavit of plaintiff's claim, which followed, a passable idea of what the cause of action was. He chose to default, although properly served, and he has not afterward, without question by motion to vacate, or otherwise, the assessment of damages in the Municipal Court on evidence heard, any standing here to attack the judgment unless jurisdiction was entirely wanting. There can be no serious pretense of that in this case, and it is the opinion of the court that the writ of error must have been prosecuted for delay. Therefore the judgment is affirmed with damages, in addition to the costs, of ten dollars.

*Affirmed with damages.*